[No. 8,286.—Department Two.]
June 29, 1882.

## W. W. WHITNEY *v.* DENNIS McCOY ET AL.

ATTACHMENT—SUBSEQUENT MORTGAGE FOR OWELTY OF PARTITION.—The interest of M., an undivided half, in a tract of land owned by him as tenant in common with S., was attached by A. Subsequently by a judgment of partition a specific portion of the tract was allotted to M.—she however, being required by the judgment—in order to equalize the partition, to execute a mortgage to S. upon her allotment for one hundred and eighty-five dollars. Afterwards the interest of M. in the tract allotted to her was sold under execution in the attachment suit, and A. became the purchaser and received his deed, and having been made party to a suit to foreclose the mortgage of S. claimed that his title was paramount to the mortgage.

*Held:* The plaintiff was entitled to have foreclosure of his mortgage upon whatever interest M. held in the premises in excess of the undivided one half held by her at the time of the levy of A.'s attachment.

APPEAL by the plaintiff from a judgment for defendant Ancker in the Superior Court of San Bernardino County. ROLFE, J.:

*H. M. Willis* and *H. Goodcell, Jr.,* for Appellant.

The extent of the interest that would be acquired by the purchaser at the foreclosure sale, was not a matter to be determined in this action, but might be the subject of a subsequent action between such purchaser and said Ancker. (*San Francisco* v. *Lawton*, 18 Cal. 475–478; *Cook* v. *De la Guerra*, 24 id. 240; *Elias* v. *Verdugo*, 27 id. 425.)

*Waters & Gibson,* for Respondent.

A purchaser acquires all the interest of a defendant on execution sale, that inured to the defendant between the time of seizure of property under an attachment and sale of same on execution. (Freeman on Ex., Sec. 335; *Kenyon* v. *Quinn*, 41 Cal. 325.) The law neither does nor requires idle acts, nor so exercises its powers as to encourage litigation, which would be the case if the Court had made a decree of foreclosure under the authorities cited in appellant's brief.

1. The plaintiff set forth the defendant Ancker's title in his complaint, seeking a determination of it in connection with his action to foreclose, and then stipulated that both ac-

tions be tried, thereby estopping himself from insisting, for the first time in this Court, that defendant Ancker must ascertain his interest, or title, in a separate action. (*Hibernia S. & L. S.* v. *Ordway*, 38 Cal. 681.)

2. The defendant Ancker's title commenced from the time of the attachment levy, as against all persons not parties to the writ, and, therefore, was prior in time and superior to the mortgage lien, if the latter ever attached. (*Blood* v. *Light*, 38 Cal. 656–7; *Johnson* v. *Gorham*, 6 id. 196.)

The COURT:

The plaintiff was entitled to have foreclosure of his mortgage upon whatever interest the defendant, Annie S. McCoy, held in the premises in excess of the undivided one half held by her at the time of the levy of the attachment of the defendant, Ancker. The finding of the Court below is clear that there was such excess to the extent of one hundred and eighty-five dollars.

Judgment reversed.